| | |
|---|---|
| **DISTRICT COURT, EL PASO COUNTY, COLORADO**<br>Court Address:  270 South Tejon Street<br>　　　　　　　　 Colorado Springs, CO 80903<br>Phone Number:  (719) 448-7700<br><br>**Plaintiff:** SUE ANN FREEBURG<br><br>v.<br><br>**Defendant:** FOUNTAIN-FT. CARSON SCHOOL DISTRICT #8<br>Attorney:  Hollie L. Wieland<br>　　　　　　 Sears & Swanson, P.C.<br>　　　　　　 2 North Cascade Ave., #1250<br>　　　　　　 Colorado Springs, CO 80903<br>Phone Number:  (719) 471-1984<br>Fax Number:  (719) 577-4356<br>E-mail:  hollie@searsandswanson.com<br>Atty. Reg. #:  22024 | ▲ COURT USE ONLY ▲<br><br>Case No.:<br><br>Div.: |
| **COMPLAINT AND JURY DEMAND** ||

COMES NOW the Plaintiff, SUE ANN FREEBURG, by and through her undersigned counsel, SEARS & SWANSON, P.C., and in support of her Complaint and Jury Demand, states as follows:

## I. INTRODUCTION

Sue Ann Freeburg was a dedicated employee of Fountain - Ft. Carson School District #8 who was denied a promotion on the basis of her age and gender. The School District's failure to promote Ms. Freeburg was in clear violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*; the Colorado Anti-Discrimination Act, C.R.S. § 24-34-101 *et seq.* ("CADA") and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*

## GENERAL ALLEGATIONS

1. Plaintiff is a sixty-three year old female and is within the protected class of persons under 42 U.S.C. §2000e *et seq.*, otherwise known at Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII"); the Colorado Anti-Discrimination Act, C.R.S. § 24-34-101 *et seq.* ("CADA") and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*

1

2. Plaintiff is a citizen of the United States and, at all times relevant, was a resident of and domiciled in the State of Colorado and, at all times relevant, was an employee of defendant.

3. The Defendant, Fountain - Ft. Carson School District #8 ("School District") is a statutory local governmental entity and, at all times relevant, was the employer of the Plaintiff.

4. The Defendant has continuously been an employer within the meaning of Title VII, 42 U.S.C. §2000e(b), the Colorado Anti-Discrimination Act, 24-34-401(3), and the ADEA at all times relevant to the allegations in this Complaint and Jury Demand.

5. Venue is proper as the employment practices alleged to be unlawful were committed within El Paso County.

6. Ms. Freeburg filed a charge of discrimination with the Colorado Civil Rights Division/U.S. Equal Employment Opportunity Commission within the statutory time limitation for filing such charge, alleging unlawful discriminatory practices because of her gender and age.

7. More than 180 days have passed since the filing of the plaintiff's original charge of discrimination and the defendant did not add any issue to the formal complaint.

8. On December 28, 2006, a Right to Sue Letter was mailed to Plaintiff. This action has been timely brought pursuant to Title VII, CADA and the ADEA.

9. Plaintiff has exhausted all necessary administrative remedies.

10. At all times relevant, Plaintiff was qualified for and was satisfactorily performing her essential job duties.

11. Plaintiff has been employed by the School District since 1974.

12. From September 2001 through July 2006, Plaintiff was employed as the Assistant Principal of Abrams Elementary School.

13. In July 2005, the Principal of Abrams Elementary School resigned.

14. During July 2005, Plaintiff applied for and was interviewed for the vacant Principal position at Abrams Elementary School.

15. On or about July 27, 2005, Plaintiff was advised that she was not selected for the vacant Principal's position.

16. The candidate selected for the vacant Principal's position is a younger male who was not as well qualified for the position as Plaintiff.

## FIRST CLAIM FOR RELIEF
(Discrimination in Violation of Title VII and CADA)

17. Plaintiff hereby incorporates the foregoing paragraphs of this Complaint and Jury Demand as though fully incorporated herein.

18. Plaintiff was subjected to discrimination as a result of her gender when she was denied a promotion.

19. The conduct of the Defendant has been willful, reckless and in willful and wanton disregard of the rights and feelings of the Plaintiff. Plaintiff is entitled to exemplary and punitive damages in an amount to be determined at trial.

20. Plaintiff is entitled to reasonable attorneys fees and costs as provided by Title VII and the Colorado Anti-Discrimination Act.

21. As a direct and proximate result of the above described conduct of the defendant, plaintiff has suffered and will in the future continue to suffer, damages, losses, and injuries, including, but not limited to, loss of earnings and benefits, has suffered emotional pain, suffering, distress, humiliation, and embarrassment, a diminution in her earning capacity, and other losses and injuries, all to her damage in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
(Discrimination in Violation of ADEA and CADA)

22. Plaintiff hereby incorporates the foregoing paragraphs of this Complaint and Jury Demand as though fully incorporated herein.

23. Plaintiff was subjected to discrimination as a result of her age when she was denied a promotion.

24. The conduct of the Defendant has been willful, reckless and in willful and wanton disregard of the rights and feelings of the Plaintiff. Plaintiff is entitled to liquidated damages pursuant to the ADEA.

25. Plaintiff is entitled to reasonable attorneys fees and costs as provided by ADEA.

26. As a direct and proximate result of the above described conduct of the defendant, plaintiff has suffered and will in the future continue to suffer, damages, losses, and injuries, including, but not limited to, loss of earnings and benefits, a diminution in her earning

capacity, and other losses and injuries, all to her damage in an amount to be determined at trial.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in her favor and against Defendants, and award her all relief as allowed by law, including, but not limited to, the following:

a. Actual economic damages as established at trial;
b. Compensatory damages for past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;
c. Punitive damages as allowed by law in an amount to be determined at trial;
d. Pre-judgment from date this action accrued and post-judgment interest at the highest lawful rate;
e. Liquidated damages pursuant to 29 U.S.C. 626(b);
f. Attorney's fees and costs; and
g. Such further relief as justice requires.

**PLAINTIFF DEMANDS A JURY TRIAL IN THIS MATTER.**

Respectfully submitted this 28th day of March, 2007.

**SEARS & SWANSON, P.C.**

*/s/ Hollie L. Wieland*
_____
Hollie L. Wieland, #22024
Attorney for Plaintiff

Plaintiff's addresses:

Sue Ann Freeburg
3245 Breckenridge Dr E
Colorado Springs, CO 80906